Howell, J.
This is an action to annul a nuncupative ■ testament by-public act, on the following grounds:
1. It does not appear that it was received by, or dictated to, the notary in presence of the witnesses.
2. It does not appear that it was written by the notary as dictated by the testatrix.
3. It does not appear that the instrument was read to the testatrix in the manner required by law.
4. It does not appear that the reception, dictation, signature and attestation of said instrument were all done at one and the same time, without interruption and without turning aside to other acts.
The portions of the instrument in which the alleged defects of form appear, are as follows:
“Be it known that I, John A. M. Hugh, Notary Public, in and for the parish aforesaid, on the eleventh day of November, A. D., eighteen hundred and sixty-six, repaired to the residence of Eudora Devall, wife of Francis F. Palms, inhabitant of the said parish of East Baton Rouge, and State of Louisiana, when, at her request and at her dictation, the following instrument was written by me, the said notary, and declared by the said Eudora to be her last will and testament
Here follow the dispositions, and the act concludes :
“ In testimony whereof the said Eudora has signed her name hereto in presence of Thomas J. Buffington, Isaac A. Williams and John B. Whittaker, lauful witnesses, residing in this parish, and me the said notary, after having read the same in an audible voice, in the presence of the testatrix and the said witnesses, without interruption and without turning aside to other acts, this 11th November, 1866.
Articles 1571, 1572 and 1573, C. C., prescribe the formalities of this description of will, and by them it must appear from the instrument itself, that it was dictated by the testator, written by the notary as it was dictated, then read to the testator, and signed by the testator, (or the cause of his not doing stated), also by the witnesses (or one of them at least, for all) and by the notary, — all to be done in the presence of the witnesses, and without interruption, and without turning aside to other acts. 9 A. 217 ; 10 A. 212. Article 158'8 declares that testaments are null and void, if the formalities to which they are subject are not observed. 5 L. 387; 6 L. 780 ; 10 L. 319 ; 16 L. 80 ; 12 R. 35; 6 A. 243.
It is quite manifest, from a simple inspection of the instrument before us, that it is defective in not showing that it was dictated by the testatrix and written by the notary as it was dictated, in the presence of the witnesses. No reasonable inference can be drawn from the language used that it was so dictated and written. On the contrary, its terms imply that it was only signed and read in the presence of the witnesses ; that the witnesses, very probably, made their appearance after the dispositions of the will had been dictated by the testatrix and written by the notary. Some expression should, have been used to show, without a reasonable ' doubt, that the witnesses were present throughout the reception and execution of the instrument as a whole. We can find in it no such language or expression. See 8 A. 469 ; 11 A. 3, 108 ; 5 A. 565.
In the cases relied on by defendant there were expressions which justi *204 fled the conclusion that all had been done in the presence of the witnesses.
It is suggested in the answer to the petition, but not urged in this court, that if the said testament is invalid, as a public act, it is good as a nuncupative will by a private act, and, as such, should be ordered to be probated according to law. We may consider this position as abandoned in this court, the defendant relying solely on the validity of the will; yet we would feel authorized to make such a disposition of the ma'ter, if we could find in' the record any thing to justify such action on our part.
Judgment affirmed.